**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SUNGUARD AVAILABILITY SERVICES, LP | : : : : : | **OPINION** |
| Plaintiff, | : : | Civ. No. 08-5568 (WHW) |
| v. | : : |  |
| SPARE BACKUP, INC., | : : |  |
| Defendant. | : : : |  |

**Walls, Senior District Judge**

Defendant Spare Backup, Inc., moves to transfer venue from the District of New Jersey to the Central District of California, Eastern District. (Notice of Mot. Of Def.'s Mot. To Transfer Venue pg. 1.)

**FACTS AND PROCEDURAL BACKGROUND**

On May 17, 2006, plaintiff and defendant entered into a contract at defendant's place of business in Palm Desert, California, for plaintiff to provide space for defendant in Arizona and New Jersey "to store and maintain certain computer and communications equipment that could be interconnected with networking services provided by SunGuard." (Def.'s Mot. To Transfer Venue pg. 2.) Defendant soon outgrew the Arizona space, so plaintiff terminated the part of the agreement involving Arizona and defendant instead used the New Jersey facility. (Id.) However, plaintiff continued to bill defendant for the Arizona space, and defendant alleges that

1

**NOT FOR PUBLICATION**

the New Jersey facility proved to be inadequate for its storage needs. (Id. at 2-3.) Defendant has failed to pay any monthly fees to plaintiff since September 24, 2007, and plaintiff has sued to collect on the unpaid invoices. (Resp. in Opp'n To Mot. To Transfer Venue pg. 4.)

## LEGAL STANDARDS

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co. (55 F.3d 873, 879-80 (3d Cir. 1995)). With regard to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora, and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879. With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879. The movant bears the burden of establishing the need for transfer. Id. at 879. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" Shutte v. Armco Steel

**NOT FOR PUBLICATION**

Corp., 431 F.2d 22 (3d Cir. 1970) (quoting Ungrund v. Cunningham Brothers, Inc., 300 F. Supp. 270, 272 (S.D. Ill. 1969)).

Although the burden is on the defendant to prove that these factors weigh heavily in favor of transfer, see id., "the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting . . . expense or trouble not necessary to [its] own right to pursue [its] remedy." Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947).  Overall however, defendant must show that the balance of the public and private factors "tips decidedly in favor of trial in the foreign forum" and if "when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied." Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991).  Additionally, a court will not transfer venue if such transfer would simply shift the burden of litigation amongst the parties.  Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC, 2007 U.S. Dist. LEXIS 53655, *23 (D.N.J. Jul. 24, 2007).

## DISCUSSION

I. *The Private Interest Factors*

    a. Choice of Forum and Locus of Claims

In general, "a court must generally defer to the plaintiff's choice of forum, particularly when the plaintiff resides in the forum state." See Panella v. O'Brien, 2006 U.S. Dist. LEXIS 59880, at *32 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)).  Plaintiff, a Pennsylvania corporation, has elected to file its claim in New Jersey.  (Def.'s Mot. To Transfer Venue pg. 8.)  Defendant argues that California is the appropriate forum because the contract

**NOT FOR PUBLICATION**

between the parties was executed at defendant's offices there. (<u>Id.</u> at 2.) Plaintiff, however, argues that New Jersey is appropriate because plaintiff "provided a substantial amount of the services at issue in this litigation to [defendant] in . . . New Jersey." (Resp. in Opp'n to Mot. to Transfer Venue pg. 6.)

"The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." <u>Ricoh Co. v. Honeywell, Inc.</u>, 817 F. Supp. 473, 481 (D.N.J. 1993) (quoting <u>E.I. Du Pont de Nemours & Co. v. Diamond Shamrock Corp.</u>, 522 F. Supp. 588, 592 (D.Del. 1981)). "It is equally as established... that a plaintiff's choice of forum is afforded less deference when the plaintiff has chosen a foreign forum." <u>Mediterranean Golf, Inc. v. Hirsh</u>, 783 F. Supp. 835, 842 (D.N.J. 1991). Plaintiff is a Pennsylvania corporation that has chosen to litigate its claims in a foreign forum. Plaintiff's argument that New Jersey is the most appropriate forum because it is the site of the services in dispute is counterbalanced by the significant connections to California as the site of the negotiations surrounding the contract that is at the center of this dispute. The Court finds that the general preference plaintiff's choice of forum is outweighed by that fact that plaintiff has chosen a foreign forum and the significant connections with California.

b. <u>Convenience of the Parties and Location of Witnesses and Records</u>

Defendant argues that California is the appropriate forum because trying the case there is more convenient for defendant. (Def.'s Reply to Opp. to Mot. to Transfer Venue pg. 3.) Defendant is a small company with 46 employees, 13 of which defendant expects to testify at trial. (<u>Id.</u>) It argues that its day-to-day operations would be "cripple[d]" by the absence of these employees participating a New Jersey trial, and that the "cost associated with transportation to

**NOT FOR PUBLICATION**

and accommodation in New Jersey" for them and other third party witnesses would "create a significant financial hardship" for defendant. (Id.) The majority of defendant's witnesses, as well as all of its data, files and records allegedly necessary for its defense, are located in California. (Def.'s Mot. to Transfer Venue pg. 9.) Plaintiff's witnesses and records, however, are located in New Jersey and Pennsylvania, (Resp. in Opp'n to Mot. to Transfer Venue pg. 8-10) so plaintiff would incur cost to transport and accommodate those witnesses and records in California. Plaintiff is a large company, with 20,000 employees around the world, including throughout California, with annual revenue exceeding $5 billion. (Decl. of Darrell Palmer in Supp. of Def.'s Mot. to Transfer Venue pg. 3; Def.'s Mot. to Transfer Venue pg. 2.)

Courts in this district have considered the financial hardship a party may suffer when deciding a motion to transfer venue. In Eon-Net, L.P. v. Coolanimalstuff.com, the court held that transfer of venue was proper where defendant, a small business located in Washington with less than $2 million in annual retail sales, would suffer unnecessary financial hardship if the case was litigated in New Jersey. 2005 U.S. Dist. LEXIS 24549 *1, 7-8 (D.N.J. Oct. 14, 2005). There, a transfer did not result in a greater burden to plaintiff, as it was incorporated in the British Islands with the principal partner living in Kenya and would have to travel whether the case was litigated in New Jersey or Washington. Id. at *6-7.

In Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, the court held that transfer of venue from New Jersey to Florida was proper where defendants, residents of Florida, had limited or no assets and plaintiff was a large hotel chain with adequate financial backing and extensive business contacts there. 2006 U.S. Dist. LEXIS 96543, *13-17 (D.N.J. Jun. 15, 2006).

**NOT FOR PUBLICATION**

Additionally, the action involved real property located in Florida and the activities that gave rise to the action occurred there. Id. at *5-6.

Here, while both parties will incur cost in traveling cross-country if this action is litigated in New Jersey or California, defendant, given its smaller size, will likely suffer greater financial hardship through a cross-country trip. The plaintiffs have already shown their familiarity with California as a forum, having approached defendants to do business and executed the contract there. The burden will be less significant on plaintiffs if the litigation is transferred to California because of plaintiff's size and presence in California. Similar to Eon-Net, plaintiff will have to travel whether the action is litigated in New Jersey or California. The majority of plaintiff's books and records and many of the witnesses are from plaintiff's offices in Wayne, Pennsylvania, 100 miles from this Court. (Resp. in Opp'n to Mot. to Transfer Venue pg. 8.) While travel for plaintiff is significantly less if the action is litigated in New Jersey, it is still required. The convenience of the parties and location of witnesses and records favors transfer.

II. *The Public Interest Factors*

a. Efficiency and Enforceability

As discussed above, efficiency is a factor favoring defendants as litigating the action in California will lessen the financial burden and travel required for defendants. But, although defendant is a citizen of California, there is nothing to suggest that a judgment in this Court would not be respected and enforced in full in California. Thus, the issue of enforceability is a neutral factor.

b. Congestion

**NOT FOR PUBLICATION**

Defendant admits that it cannot attest to the congestion or lack thereof of this Court's docket. (Def.'s Mot. to Transfer Venue pg. 10.) This Court will readily accommodate the expeditious litigation and resolution of this matter.

      c. Local Interest and Public Policies

Defendant argues that California has a local "interest in deciding controversies arising from contracts executed in California by citizens of California." (Def.'s Reply to Opp'n to Mot. to Transfer Venue pg. 6.) Plaintiff counters that New Jersey has an interest in adjudicating this matter because its "complaint arises out of a breach of contract resulting in large part from [defendant's] non-payment for services performed by [plaintiff] in New Jersey." (Response in Opp. to Mot. to Transfer Venue pg. 13.) See Bachmann Software & Servs. v. Intouch Group, Inc., 2008 U.S. Dist. LEXIS 55719, *42-43 (D.N.J. July 21, 2008.) (holding that venue in New Jersey is proper where breach of contract resulted from non-payment for services performed in the state). The only public policy concern defendant addresses is that energy will be wasted and carbon emissions generated if its witnesses are transported through cross-country travel. (Def.'s Mot. to Transfer Venue pg. 10.) Such environmental effects would remain a concern even if venue is transferred to California, as transfer would require plaintiff and its witnesses to travel. Thus, local interest and public policies are neutral factors.

      d. Familiarity with Applicable Law

Both defendant and plaintiff agree that Pennsylvania law governs this action, so foreign law will be applied whether this action is litigated in New Jersey or California. (Resp. in Opp'n

**NOT FOR PUBLICATION**

to Mot. to Transfer Venue pg. 13.)  This Court and the courts of the Central District of California are fully capable of applying Pennsylvania law. This factor is neutral.

## CONCLUSION

The convenience of the parties and the location of witnesses and records is a factor strong enough to support a transfer of venue to California, particularly given the financial hardship that will result to defendant if this action is litigated in New Jersey.  Additionally, Plaintiff's preference for New Jersey as a forum it counterbalanced by the fact that it is a foreign forum and the significant factual connections to California. Defendant's motion to transfer venue to the Central District of California (Eastern District) is granted.

**s/ William H. Walls**
United States Senior District Judge

**August 10th, 2009**
